HEARING DATE AND TIME: April 4, 2018 at 2:00 p.m. (EASTERN TIME)
OBJECTION DEADLINE: March 29, 2018 at 4:00 p.m. (EASTERN TIME)

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                                      :

In re:                            :      Chapter 7

Woodside Management Inc., *et al.*,[1]    :

                                     :      Case No. 17- 46310-cec

                 Debtors.      :

                                     :
---------------------------------------------------------- X

**FIRST AND FINAL APPLICATION OF PORZIO, BROMBERG & NEWMAN, P.C., AS CHAPTER 11 BANKRUPTCY COUNSEL FOR THE DEBTORS-IN-POSSESSION PURSUANT TO BANKRUPTCY CODE SECTIONS 330 AND 331 FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM NOVEMBER 6, 2017 THROUGH JANUARY 31, 2018**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Porzio, Bromberg & Newman, P.C. ("Porzio"), counsel to Woodside Management Inc., Tunnel Taxi Management, LLC, Downtown Taxi Management, LLC, 28th Street Management Inc. as chapter 11 debtors-in-possession, now debtors out-of-possession in these converted cases (collectively, the "Debtors") hereby submits this first and final fee application (the "Application") pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") for allowance of compensation in the

---

[1] 1 The Debtors in these chapter 7 cases, along with the last four digits of each Debtors' federal tax identification number, include: Woodside Management, Inc. (0101), Tunnel Taxi Management, LLC (4108), Downtown Taxi Management, LLC (4301) and 28th Street Management, Inc. (9791).

3874165

aggregate amount of $230,649.00 for professional services performed and the reimbursement of actual and necessary expenses in the aggregate amount of $8,875.79 incurred by Porzio for the period from November 6, 2017 through January 31, 2018, (the "Fee Period").  In support of this Application, Porzio respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Rule 2016-1 of the Local Rules for the Eastern District of New York.

## RELEVANT BACKGROUND

*Procedural History*

2. On November 6, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition, pursuant to Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York.

3. On November 9, 2017, Citibank N.A., creditor in the bankruptcy case of *Hypnotic Taxi LLC, et al.*, Case No. 15-43300 before Judge Craig in the United States Bankruptcy Court for the Eastern District of New York, filed a motion in that case, which requested that the Debtors' bankruptcy cases be transferred from the Southern District to the Eastern District of New York (the "Venue Transfer Motion").

4. On November 28, 2017, after litigating the Venue Transfer Motion, an Order was entered transferring the Debtors' cases to the Eastern District of New York. [Dkt. No. 22]

5. On January 30, 2018, this Court entered an Order authorizing the employment and

retention of Porzio as bankruptcy counsel to the Debtors, *nunc pro tunc* to the Petition Date [Dkt. No. 48]. A copy of the order is annexed hereto as **Exhibit A**. Porzio's retention application (the "Porzio Retention Application") [Dkt. No. 39] was filed on January 8, 2018.

6. Prior to the Petition Date, Porzio was paid $117,727.81 for services rendered and disbursements incurred. Further, Porzio is holding a retainer. Against this $100,297.19 retainer, Porzio has incurred some $230,649.00 in fees and $8,875.79 in disbursements.

*The Debtors' Chapter 11 Cases*

7. The Debtors were in the business of operating taxicab fleets in the New York City area. The common practice in the New York taxicab industry is for a medallion owner to lease its medallions to taxi management companies such as the Debtors. *See* First Day Affidavit of Evgeny Freidman [Dkt. No. 3] (the "Freidman Cert.") at ¶ 8. The Debtors functioned as management companies operating taxi cab fleets in the New York City area for more than ten years. *See id.*, at ¶ 9.

8. The Freidman Cert. outlines the various factors precipitating the Debtors' bankruptcy filing, including but not limited to:

   a. The history of the Debtors' industry and the current problems plaguing the industry, *see id.* at ¶¶ 42-44;
   b. Uber's entrance into the New York City market resulting in reduced revenues for the Debtors and the devaluing of taxicab medallions, *see id.* at ¶¶ 27-28, 45-48;
   c. A pending ejectment action of Debtor Woodside, *see id.* at ¶¶ 49-52; and
   d. Theft and conversion of the Debtors' property (described in further detail herein), *see id.* at ¶¶ 29-41.

9. Concurrent with the filing of the Debtors' bankruptcy cases, the Debtors commenced an adversary proceeding against various parties (the "Defendants") to obtain immediate and preliminary injunctive relief under section 105 of the Bankruptcy Code to preserve property of the estate—namely, taxi vehicles—the income generated from them, and to

turn over the vehicles under section 542 and the common law principles of conversion, constructive trust, and replevin. *See* Adv. Pr. No. 17-01166 (the "Adversary Proceeding"), Dkt. No. 19.

10. The Defendants consisted of individual parties as well as medallion-owning entities, whose businesses were limited to purchasing medallions and leasing out such medallions to management companies, such as the Debtors, for a monthly fee. As asserted in the Adversary Proceeding, Beneficial Title to vehicles was owned at all times by the Debtors, even though nominal title was typically placed with medallion owning entities.

11. The Debtors purchased hundreds of taxicab vehicles, operated and maintained these vehicles (including maintaining insurance for such vehicles), physically held the titles to the vehicles (although nominally in the names of others), and were the beneficial owners of these vehicles. Notwithstanding, the Defendants in the Adversary Proceeding unilaterally converted 188 of the Debtors' taxicab vehicles for their own use (the "Vehicles").

12. Without the revenue generated by the Vehicles that were stolen from the Debtors and wrongfully converted by the Defendants, the Debtors were incapable of continuing their businesses. In order to recover their wrongfully converted assets for the benefit of all creditors, the Debtors filed their chapter 11 cases, seeking to obtain necessary equitable relief in order to reorganize under chapter 11 of the Bankruptcy Code.

13. On December 14, 2017, all but one of the Defendants filed a motion to dismiss the Debtors' bankruptcy cases (the "Dismissal Motion") [Dkt. No. 32]

14. The Debtors filed an opposition to the Dismissal Motion on January 5, 2018 [Dkt. No. 38].

15. The parties were able to consensually resolve the Dismissal Motion, resulting in

the entry of the Consent Order and Stipulation Resolving the Dismissal Motion of Non-CMT Defendants and Converting Chapter 11 Cases to Chapter 7 on February 1, 2018. [Dkt. No. 49] (the "Consent Order").

16. Entry of the Consent Order resulted in the conversion of the Debtors' cases from chapter 11 to chapter 7.

17. Porzio's services as counsel to the chapter 11 Debtors thus concluded on February 1, 2018 upon conversion of the Debtors' case.

18. This First and Final Fee Application seeks compensation and reimbursement for services rendered during the Chapter 11 only.

19. On February 12, 2018, the Court appointed John S. Pereira as Chapter 7 trustee of the Debtors' estates (the "Trustee") [Dkt. No. 54].

20. Since conversion of these cases to chapter 7, Porzio has complied with the Trustee's requests for information related to the Debtors and their cases.

## COMPLIANCE WITH GUIDELINES AND RULES

21. This Application has been prepared in accordance with: (a) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, issued on January 30, 1996 (the "UST Guidelines"); and (b) the Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York Bankruptcy Cases, Administrative Order M-613, adopted by the Court on June 10, 2013 (the "Local Guidelines," collectively, the "Guidelines").

22. Except with respect to the prepetition payment of fees in the amount of $117,727.81 made to Porzio by a third party non-debtor, as previously disclosed in the Retention Application, Porzio has received no payment from any source and no promise of payment from

any source for services rendered in connection with the Debtors' cases other than in accordance with this Application and the Bankruptcy Code, Bankruptcy Rules and Local Rules. There is no agreement or understanding between Porzio and any other person for sharing of compensation to be received for the services rendered in these cases.

23. The fees charged by Porzio in these cases are billed in accordance with Porzio's existing billing rates and procedures in effect during the Fee Period except for those instances where the Guidelines require lower charges than would be the case using Porzio's regular rates, and. The rates Porzio charges for the services rendered by its professionals and paraprofessionals in these cases is the same rates Porzio charges for professional and paraprofessional services rendered in comparable bankruptcy matters. Such fees are reasonable based on the experience level of the Porzio professionals and paraprofessionals working on these matters and constitute customary compensation charged by comparable skilled practitioners in a competitive legal market.

24. Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following Exhibits are attached:

    a. **Exhibit B** contains a certification by undersigned counsel regarding compliance with the Guidelines;

    b. **Exhibit C** contains a list of Porzio project categories and the total billed to each category;

    c. **Exhibit D** contains a schedule of Porzio professionals and paraprofessionals who have performed services for the Debtors during the Fee Period, the capacities in which each such individual is employed by Porzio, the department in which each individual practices, the hourly billing rate charged by Porzio for services performed by such individuals, the year in which each professional was first licensed to practice law and the aggregate amount of hours expended in this matter and the fees billed thereto;

    d.    **Exhibit E** contains a summary of Porzio's total actual and necessary out-of-pocket expenses and disbursements during the Fee Period; and

    e.    **Exhibit F** contains Porzio's detailed time records organized chronologically by project category.

## RELIEF REQUESTED

25.    By this Application, Porzio seeks allowance of compensation for professional services rendered to the Debtors during the Fee Period in the amount of $230,649.00, and reimbursement of actual, necessary and reasonable out-of-pocket expenses in the amount of $8,875.79.  During the Fee Period, Porzio professionals and paraprofessionals expended a total of 606.90 hours for which compensation is requested.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

26.    During the Fee Period, Porzio provided professional services to the Debtors in connection with their chapter 11 cases.  Rather than burden the Court with an overly detailed or lengthy recitation of each and every matter Porzio addressed during the Fee Period, the following is a summary description of the primary services rendered by Porzio, by project category, which highlights the benefits conferred upon the Debtors' estates as a result of Porzio's efforts.

    A.    **Litigation Task Code**

27.    As described above, litigation was the primary focus of this case.  76.8% of Porzio's fees and nearly 68.3% of timekeeper hours expended resulted from Porzio's efforts to address: The Adversary Proceeding and the complicated issues therein, which included Porzio's successful efforts in obtaining a Temporary Restraining Order (*see* Dkt. No. 6 in the Adversary Proceeding) that: (a) prevented the Defendants from engaging in any conduct that could damage or alter any portion of the Vehicles; (b) directed the Defendants to preserve and safeguard the Vehicles that are parked and no longer operational so that the cabs could be delivered to a

7

3874165

company retained by a chapter 7 trustee in an affiliated taxicab case; (c) directed one of the Defendants to hold, escrow and account for all taxicab receipts associated with the Vehicles, without distributing any such revenues to the Debtors or Defendants; and (d) directed one of the Defendants to take all necessary steps to grant the Debtors full access to any and all computer programs, systems, technology and applications that would permit the Debtors to review and keep apprised of all revenues generated from the Vehicles and any associated costs. Porzio has already shared significant historical knowledge concerning the factual and legal background of the Adversary Proceeding with the Trustee, and will continue to do so going forward.

28. In addition to the Adversary Proceeding, Porzio also: (i) removed the state court litigation that had been pending prepetition with the Defendants; (ii) filed a notice of appeal in another state court litigation in order to preserve all appellate rights (which now belong to the Trustee); (iii) briefed and argued Citibank's venue change motion; and (iv) briefed and ultimately settled, by way of consent to conversion, the Defendants' Motion to Dismiss.

Set forth below are the hours spent on the "Litigation" Task Code:

| Professional | Admitted | Time | Rate | Amount ($) |
|---|---|---|---|---|
| **Principals** | | | | |
| Warren J. Martin Jr., Esq. | 1986 | 57.70 | $790 | $45,583.00 |
| Gary M. Fellner, Esq. | 1991 | 28.60 | $605 | $17,303.00 |
| **Counsel** | | | | |
| Joshua H. Abramson, Esq. | 1999 | 93.40 | $490 | $45,766.00 |
| **Associates** | | | | |
| Rachel A. Parisi, Esq. | 2011 | 75.60 | $420 | $31,752.00 |
| Christopher P. Mazza, Esq. | 2017 | 26.50 | $295.13 | $7,821.00 |
| **Paraprofessionals** | | | | |
| Maria P. Dermatis, Sr Paralegal | N/A | 44.40 | $225 | $9,990.00 |
| Suzanne Hammill, Sr Paralegal | N/A | 13.50 | $235 | $3,172.50 |
| Neidy V. Fuentes, Paralegal | N/A | 69.50 | $210 | $14,595.00 |
| Garcia Samuylov, Sr Paralegal | N/A | 1.00 | $250 | $250.00 |
| Heidi L. Burke, Paralegal | N/A | 1.60 | $210 | $336.00 |
| Kathy Mulch, Document Clerk | N/A | 2.70 | $175 | $472.50 |
| **Category Total** | | **414.5** | | **$177,041.00** |

### B.     Case Administration Task Code

29.    The "Case Administration" Task Code constitutes 16.6% of the billing professionals' hours expended on this matter and 24.7% of the requested fee for services. This category includes coordination and compliance activities throughout these bankruptcy cases, including but not limited to drafting and filing the Debtors' schedules and statement of financial affairs. The following summary listing captures additional work performed under the "Case Administration" Task Code category:

(i.)    completion of the First Day Affidavit;
(ii.)   communications with the United States Trustee concerning the initial Debtors' interview and schedules and statements of financial affairs;
(iii.)  meeting with the United States Trustee for the initial Debtors' interview, and providing information about the Debtors and the case to the U.S. Trustee when requested;
(iv.)   status calls with the client and team meetings to keep the team focused and working in coordination;
(v.)    conferences with Court staff members and Chambers regarding scheduling, motions and follow ups on various matters;
(vi.)   the administrative aspects of filing all pleadings, certificates of service and affidavits, including attending to Exhibits and PACER work, and monitoring of the docket (all of the foregoing services were performed by paralegals); and
(vii.)  the preparation of a motion to extend the time to file schedules and statements of financial affairs.

30.    Set forth below are the hours spent on the "Case Administration" Task Code:

| Professional | Admitted | Time | Rate | Amount ($) |
|---|---|---|---|---|
| **Principals** | | | | |
| Warren J. Martin Jr., Esq. | 1986 | 7.30 | $790 | $5,767.00 |
| **Associates** | | | | |
| Rachel A. Parisi, Esq. | 2011 | 9.80 | $420 | $4,116.00 |
| Christopher P. Mazza, Esq. | 2017 | 3.50 | $275 | $962.50 |
| **Paraprofessionals** | | | | |
| Maria P. Dermatis, Sr. Paralegal | N/A | 26.10. | $225 | $5,872.50 |
| Neidy V. Fuentes, Paralegal | N/A | 102.00 | $210 | $21,420.00 |
| Kathy A. Mulch, Document Clerk | N/A | 1.30 | $175 | $227.50 |
| **Category Total** | | **150** | | **$38,365.50** |

### C. Fee Application/Employment Application Task Code

31. The "Fee Application / Employment Application" Task Code constitutes 4.7% of the billing professionals' hours expended on this matter and 5.9% of the requested fee for services. This work reflects services performed with respect to issues related primarily to the employment of counsel retained by the Debtors Set forth below are the hours spent on the "Fee Application / Employment Application" Task Code:

| Professional | Admitted | Time | Rate | Amount ($) |
|---|---|---|---|---|
| **Principals** | | | | |
| Warren J. Martin Jr., Esq. | 1986 | 4.00 | $790 | $3,160.00 |
| **Associates** | | | | |
| Rachel A. Parisi, Esq. | 2011 | 2.60 | $420 | $1,092.00 |
| Christopher P. Mazza, Esq. | 2017 | 3.30 | $330 | $1,089.00 |
| **Paraprofessionals** | | | | |
| Maria P. Dermatis, Sr. Paralegal | N/A | 1.40 | $225 | $315.00 |
| Neidy V. Fuentes, Paralegal | N/A | 24.50 | $210 | $5,145.00 |
| **Category Total** | | **35.8** | | **$10,801.00** |

### D. Asset Analysis and Recovery Task Code

32. The "Asset Analysis and Recovery" Task Code constitutes 1.9% of the billing professionals' hours expended on this matter and 1.1% of the requested fee for services. This work reflects services performed with respect to the Adversary Proceeding that is not already incorporated under the "litigation" task code, including research related to the Debtors' Vehicles and recovery of same. Set forth below are the hours spent on the "Asset Analysis and Recovery" Task Code:

| Professional | Admitted | Time | Rate | Amount ($) |
|---|---|---|---|---|
| **Principals** | | | | |
| Warren J. Martin Jr., Esq. | 1986 | 5.10 | $790 | $4,029.00 |
| **Associates** | | | | |
| Christopher P. Mazza, Esq. | 2017 | 1.50 | $275 | $412.50 |
| **Category Total** | | **6.6** | | **$4,441.50** |

**ACTUAL AND NECESSARY EXPENSES INCURRED BY PORZIO**

33. As set forth in Exhibit E, Porzio has incurred a total of $8,875.79 in expenses on behalf of the Debtors during the Fee Period. This amount is broken down into categories of charges, as set forth in detail in Exhibit E. Expenses of the type requested herein are customarily charged to Porzio's non-bankruptcy clients.

34. Porzio only seeks reimbursement of actual costs and for disbursements incurred both in-house and from third party vendors. Only clients who actually use office services of the types set forth in Exhibit E are separately charged for such services.

35. Porzio absorbs and does not pass through to its clients charges for long distance telephone services, other than with respect to international calls and fees for telephone conference services.

36. Porzio also incurred expenses for computerized legal research. Porzio uses Westlaw for computerized legal research and pays Westlaw a flat monthly contract fee and charges clients the proportionate share attributed to each client's matter as a percentage of the total research time in all billable matters during each month. Research transactions that are not covered by the flat monthly contract rate are billed directly to the clients benefitting from such services at cost. Clients receive a significant discount under Porzio's Westlaw plan.

37. Expenses for searches of official records, for which Porzio uses the Public Access to Court Electronic Records ("PACER") system, were also incurred. The Judicial Conference of the United States established the fee to be collected for access to PACER at $.10 per page. Porzio bills only clients that actually use PACER official record searches the actual and direct cost of such searches.

**PORZIO'S REQUESTED COMPENSATION AND**
**REIMBURSEMENT SHOULD BE ALLOWED**

38. Professional services performed by Porzio on behalf of the Debtors required an aggregate expenditure of 606.90 recorded hours by Porzio's principals, counsel, of counsel, associates and paraprofessionals. Of the aggregate time expended, 196.1 hours were expended by principals and counsels, 122.8 hours were expended by associates and 288.0 hours were expended by paraprofessionals of Porzio.

39. Porzio's hourly billing rates for attorneys ranged from $275 to $815 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately $529.49 (based on 318.9 recorded hours at Porzio's regular billing rates in effect at the time of performance of services).

*40.* Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize compensation to be paid to "a debtor's attorney, or any professional person employed under section 327 of this title." 11 U.S.C. §331. Such professional person "may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title." *Id.* Section 331 further provides that "[a]fter notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement." *Id.*

41. Sections 330(a)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." *Id.* § 330(a)(1)(A)-(B). In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and the value of such services, taking into account all

12

relevant factors, including:

    a. The time spent on such services;
    b. The rates charged for such services;
    c. Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    d. Whether the services were performed within a reasonable amount of time commensurate with this complexity, importance, and nature of the problem, issue, or task addressed, and
    e. Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3)

42. In the instant cases, Porzio respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors' administration of its estate. Porzio worked diligently to anticipate and respond to the all issues that arose during the Fee Period. The work conducted by Porzio was carefully assigned to appropriate attorneys or paraprofessionals according to expertise and level of experience.

43. Notice of this Application has been provided to: (i) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014; (ii) all creditors listed in the matter; and (iii) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. Porzio respectfully submits that further notice of this Application is neither required nor necessary.

44. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, Porzio respectfully requests: (i) allowance of compensation in the amount of $230,649.00 as compensation for professional services rendered and in the amount of $8,875.79 for reimbursement for actual and necessary

expenses Porzio incurred during the Fee Period and (ii) that the Court grant such other and further relief as is just and proper.

Dated:  March 2, 2018	**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th Street, Suite 803
New York, NY 10019-3800
(212) 265-6888
(212) 957-3983 Facsimile
Brett S. Moore, Esq.
Warren J. Martin, Esq. (*pro hac vice*)
Rachel A. Parisi, Esq.

*Counsel to Debtors-out-of-Possession*

By:	*/s/ Warren J. Martin Jr.*
	156 West 56th St., Suite 803
	New York, NY 10019